53 CCPA

## Application of Charles B. VOGEL, Thomas W. Lamb and Minter I. Palmer, Jr.

### Patent Appeal No. 7592.

United States Court of Customs and Patent Appeals.

July 21, 1966.

Theodore E. Bieber, Emeryville, Cal., for appellants.

Clarence W. Moore, Washington, D. C., (Fred W. Sherling, Washington, D. C., of counsel) for the Commissioner of Patents.

Before RICH, Acting Chief Judge, and MARTIN, SMITH, and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

RICH, Acting Chief Judge.

This appeal is from so much of the decision of the Board of Appeals as affirmed the examiner's rejection of claims 15, 19, 20, and 21 of appellants' application serial No. 745,073, filed June 27, 1958, entitled "Well Logging."[1]

The invention relates to a method of well logging of the acoustic or seismic type wherein the velocities of acoustic pulses passed through the rock formations surrounding a bore hole are measured as an indication of the characteristics of those formations. Such operations involve the use of a logging device which is lowered into and moved along the well bore. The device is provided with spaced transducers including a transmitter for generating discrete acoustic impulses and spaced receivers for detecting the arrivals of the impulses at the locations of the receivers and simultaneously producing electrical signals. Electrical connections passing from the logging device to and out of the top of the bore hole to recording equipment permit recording of the times the impulses are emitted by the transmitter and the signals denoting their arrival are produced by the receivers. Means are also provided for coordinating the recording with the position of the logging device as it is moved along the bore hole. Thus a recording of the velocity characteristics of the surrounding geological structure along the length of the bore hole is pro-vided for consideration in predicting the existence of accumulations of petroleum fluids or like deposits.

Appellants disclose well logging procedures of the aforementioned type including a preferred embodiment wherein the logging device includes a single transmitter and three receivers, all on one side of the transmitter and spaced along the bore hole. The receiver nearest the transmitter is spaced from it a substantial distance such as five feet. The second receiver is spaced a like distance from the first receiver and the third receiver is spaced one foot from the second. A recording is produced to permit simultaneous determination of the times taken for the impulse to travel between the first and second receivers and between the second and third receivers as the device is drawn along the bore hole. The shorter spacing between the latter two receivers facilitates the detection of thin layers of rock which might be missed if only the average velocity over the longer spacing of the first two receivers is measured.

Claim 19, which is representative, reads:

19. An acoustic well logging process comprising:

(1) disposing three acoustic receiving stations along the axis of the borehole of a well with two of said stations separated by a short interval that is shorter than the thinnest earth formation in which the velocity of acoustic energy is to be measured and two of said stations separated by a long interval that is several times longer than the short interval;

(2) moving said three stations in a traverse of a section of the borehole while generating a succession of acoustic impulses at a point a fixed distance on one side of said three stations;

(3) measuring the difference between the times required for said

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Chief Judge WORLEY, pursuant to provisions of Section 294(d), Title 28, United States Code.

1. The board also affirmed the rejection of the other claims, 12, 14, and 16–18, remaining in the application but no appeal was taken as to them and an amendment cancelling them was filed with the Notice of Appeal.

acoustic impulses to travel through the earth formations intervening between the point of generation and each of the receiving stations that are separated by said short interval and producing indications of the velocities at which the impulses travel through the earth formations adjacent to said short interval;

(4) measuring the differences between the times required for said acoustic impulses to travel through earth formations intervening between the point of generation and each of the receiving stations that are separated by said long interval and producing indications of the velocities at which the impulses travel through the earth formations adjacent to said long interval;

(5) obtaining each of said velocity indications during the same traverse of a section of the borehole and measuring the depths at which each of said velocity indications are obtained.

The claims stand rejected on the following references:

Athy et al. (Athy)    2,207,281 July 9, 1940
Wyckoff               2,233,992 March 4, 1941

Athy shows an acoustical velocity type of well logging system using a logging device including an acoustic transmitter (designated 2) and two receivers (designated 11 and 12) spaced from each other either below or above the transmitter, both on the same side. A record is produced showing the time relationships between the initiation of the pulse and its arrival at each of the two receivers. The patent further discloses:

Furthermore, it is to be understood that, while the source of seismic waves is shown to be above the two receptors 11 and 12, this showing is for purposes of illustration only and not by way of limitation, since the cource [sic] of seismic waves may be placed below the receptors or between them. If desired, a single receptor only may be employed. On the other hand, it may in some cases be desirable to employ a greater number of receptors than two.

Athy also states:

We also contemplate that spacing between the transmitter 2 and the receptors 11 and 12 may be used to enlarge the information which we obtain. If, for example, the transmitter 2 is placed at an appreciable distance from the receptors 11 and 12, then the record logs of velocities and amplitude variations are primarily those contributed by the virgin strata surrounding the borehole, since in this case the borehole section will form but a negligible part of the total path traversed by the seismic energy. If, on the other hand, the transmitter 2 is placed close to the receptor 11 and the receptor 12 is separated a few feet from receptor 11, then two types of information are available. Since the distance between transmitter 2 and receptor 12 is appreciable, the corresponding velocity and amplitude variation logs represent characteristics of virgin strata. Since the distance between transmitter 2 and receptor 11 is small, the variations received by receptor 11 will represent those contributed by structure near the borehole.

It will be apparent that a dense, nonporous strata will be influenced far less physically in a region closely surrounding the borehole than in a porous strata such as sandstone, which is less dense. The control of distances between the transmitter and the near receptor, and between the transmitter and the far receptor, or the interreceptor distance, may be exercised to give the desired type of information.

Wyckoff too relates to an acoustical velocity well logging system and specifically discloses the use of a transmitter and two receivers in spaced relationship along the direction of the well bore. The transmitter may be disposed between the two receivers or the receivers may both be on the same side of the transmitter. The patent discusses the spacing of the elements of the system as follows:

The spacing between the detectors and the source varies widely depending upon the terrain being studied and

upon the desired degree of resolving power; that is, ability to separate adjacent strata. In practice, the spacing between the three elements usually runs between 2 and 50 feet.

The examiner rejected the claims as "obvious over the teachings of Athy et al. and Wyckoff, taken in combination, in accordance with 35 U.S.C. § 103." The board said his view was

> * * * that it is obvious in view of Athy et al. to use three receivers and in view of Wyckoff to use any desired distance between transducers depending upon the desired resolving power.

The substance of the board's position in affirming the examiner is as follows:

> The cited art teaches the use of more than two receivers for a single transmitter. It recognizes that the distance between transmitter and receiver and between receivers is variable dependent on the desired information. It discusses the determination of different strata as to velocity of impulses therethrough and the depth of a stratum. It teaches the determination of information from the recordings of the reception of signals by the receivers.
>
> To express the invention in terms of long and short intervals merely defines in different terminology the transmission of impulses in accordance with the references through different types of formation which are known to have different transmissive properties. As explained by the references, the several impulses received by different detectors at positions within the scope of appellants' claimed method are determinative of variations in the stratum structure. In traversing a borehole the received impulses identify the forma-

tion which has transmitted the impulse. Wyckoff explains at line 18 of column 3 that:

> "strata can be traced and subsurface contours mapped."

It seems to us that the claims do not exceed what would be obvious to a person of ordinary skill in the art with a knowledge of Athy et al. and Wyckoff. We do not find the claims specific to a single unitary structure as argued by appellants. Further, we do not see that the illustrated construction produces any unexpected operation or utility.

Appellants emphasize two aspects of their invention. The first is that they use three receivers in addition to the transmitter that produces the acoustic signal and thereby obtain two different measurement intervals, both of which measure the time for the signal to pass from one receiver to another receiver. They designate such intervals RR intervals as contrasted to a TR, or transmitter to receiver interval. The second feature emphasized is that two of these receivers are spaced a relatively long distance while the third receiver is spaced a short distance from one of the first two receivers.

As advantages of their process over the prior art, appellants state that they are able, during a single traverse of the bore hole, "to accurately measure using RR measuring intervals both the average velocity of the formation surrounding a borehole as well as the actual velocity of a relatively thin porous layer." They state that obtaining both measurements during a single traverse of the logging device provides a simple means for correlating both measurements and eliminating the possibility of malfunctioning of the logging system.[2]

---

2. The application explains the manner in which the claimed method reveals the desired information as follows:

If the travel time of the seismic impulses over the long distance interval is represented as LT and the travel time over the short distance as ST, the travel times are normally interrelated by the equation $LT = K(ST)$ where K is the ratio of the length of the long in-

terval to that of the short interval. As a formation of unusually low velocity is approached by a measuring unit in which the short interval is spaced ahead of the long interval, the quantity $K(ST)$ becomes greater than LT. Then, as the larger proportions of the low velocity appear within the long interval, the quantity LT increases until both LT and $K(ST)$ become equal if

As is to be expected with an obviousness rejection, neither reference discloses a specific embodiment employing all the features of the claimed method. All of the embodiments specifically disclosed in Athy, described by the solicitor in oral argument as the most pertinent reference, utilize a transmitter along with two receivers and thus provide but one receiver-to-receiver measuring interval. The examiner and board rely on the suggestion in our first quotation from Athy that "it may in some cases be desirable to employ a greater number of receptors [receivers] than two" as teaching the use of three receivers. As to the requirement for the long and short receiver spacing, they rely on the excerpt from Athy quoted hereinabove which discusses the effect of different spacing of the transmitter-to-receiver and receiver-to-receiver intervals in the one transmitter and two receiver system specifically disclosed. On this latter point, reliance is also placed on Wyckoff's disclosure that spacing between the detectors and the source is varied depending upon the terrain and the desired degree of resolving power, with "2 to 50 feet" separation being used in practice.

Some difficulty arises from the failure of the examiner and board to point out why they think the disclosure relied on would make it obvious to modify specific discloses in the prior art of one transmitter-two receiver processes to provide appellants' process using three receivers which provide two receiver-to-receiver measuring intervals and are relatively spaced in a manner different from that of the specific prior art disclosures. Although the solicitor undertakes to overcome some of that deficiency, we are not satisfied that the record demonstrates that the required modification, or selection of features, would have been obvious to a person of ordinary skill in the art.

In the first place, the mere suggestion in Athy that it may in some cases be desirable to employ more than two detectors does not disclose the position of any additional receivers. Noting that Athy suggests that the receivers "may be spaced on either side of the transmitter" and also that a single receiver may be used, a logical interpretation of the suggestion to use a greater number of receivers than two might be that either one or two receivers are disposed on opposite sides of the transmitter from the two provided in the systems specifically described. The disclosure certainly does not provide a clear teaching of using a third receiver in the position required by the claims nor does it teach the spacing required thereby.

The solicitor, going into more detail than the examiner and board, urges that Athy's suggestion of using a greater number of receivers than two would lead to modification of the patentee's one transmitter-two receiver system by the addition of a third receiver for the purpose of making two simultaneous receiver-to-receiver measurements because "It is known that receiver-to-receiver measurements are the most accurate * * *." However, no clear disclosure to the latter effect has been pointed out in the references.[3]

The quotation from Athy regarding spacing of the transmitter and receivers, set out hereinabove, suggests that placing

the formation is thick enough to accommodate both measurement intervals. As the measurement unit moves past the formation, the quantities K(ST) and LT increase in sequence. Anomalous measurements due to short borehole irregularities, the off-centering of the measuring devices within the borehole are made obvious by the absence of the above pattern.

3. The solicitor apparently bases his statement that it is known that the receiver-to-receiver measurements are the "most" accurate on certain material in appellants' brief which he considers an acknowledgment of that proposition. However, that material, which states that systems using a pair of receivers in conjunction with a transmitter to provide a receiver-to-receiver measurement overcame certain inaccuracies in systems utilizing a transmitter-to-receiver measurement, does not satisfy us that appellants have admitted the broad proposition the solicitor urges.

the transmitter closer to the nearest receiver than the distance between the two receivers permits obtaining information regarding variations "contributed by structure near the borehole" through the transmitter-to-receiver measurements while the longer receiver-to-receiver measurements represent characteristics of undisturbed or virgin strata. That disclosure teaches merely that the shorter spacing be used to obtain information as to disturbed structure near the bore hole. It does not relate to detecting thin earth formations or suggest modification of Athy's one transmitter-two receiver system to measure a first long receiver-to-receiver interval and a second receiver-to-receiver interval shorter than the thinnest rock formation to be located.

Wyckoff was cited· primarily for its disclosure that the spacing between the detectors and source is varied depending upon the terrain and the ability to separate adjacent strata together with the reference to a separation of two to fifty feet. There is no suggestion there, however, that two intervals of different spacing be measured in connection with a single traverse of a bore hole, much less that both measurements be of receiver-to-receiver intervals.

In summary, we think the examiner and board erred in finding the appealed claims obvious over the teachings of Athy and Wyckoff. The rejection is based on an improper piecemeal reconstruction of the prior art made in light of appellants' disclosure and not taught or made obvious by the reference disclosures. See In re Rothermel, 276 F.2d 393, 47 CCPA 866.

The decision of the board is reversed.

Reversed.